IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MICHAEL LEE AUSTIN, | : | |
| | : | |
| Plaintiff, | : | CIVIL NO. 4:07-CV-1833 |
| | : | |
| v. | : | (Judge Jones) |
| | : | |
| JEFFREY A. BEARD, et al., | : | (Magistrate Judge Mannion) |
| | : | |
| Defendants. | : | |

## MEMORANDUM

### July 3*l* , 2008

## THE BACKGROUND OF THIS MEMORANDUM IS AS FOLLOWS:

Pending before this Court is a Report (doc. 41), issued by Magistrate Judge Malachy E. Mannion ("Magistrate Judge" or "Magistrate Judge Mannion") on June 20, 2008, which recommends that Defendants' Motions to Dismiss (docs. 24, 26) be granted and that Plaintiff's "Motion for the Allowance of Equitable Tolling and to Expendite [sic] the Administrative Grievance Process" (doc. 36) be denied. For the reasons to follow, we will adopt the Report (doc. 41) in its entirety, grant both pending Motions to Dismiss (docs. 24, 26), and deny Plaintiff's Motion (doc. 36).

1

## PROCEDURAL HISTORY:

On October 9, 2007, Plaintiff Michael Lee Austin ("Plaintiff" or "Austin") instituted the instant pro se civil rights action pursuant to 42 U.S.C. § 1983 ("§ 1983"). (See Rec. Doc. 1). In addition to Plaintiff's § 1983 claims, he also asserts a state law claim for breach of the duty of confidentiality. As relief for the aforementioned claims, Plaintiff seeks compensatory and punitive damages, as well as declaratory and injunctive relief. Id.

On February 25, 2008, all Defendants except Dr. Burke ("Commonwealth Defendants") filed a Motion to Dismiss. (Rec. Doc. 24). On March 4, 2008, Dr. Burke filed his Motion to Dismiss. (Rec. Doc. 26). Further, on May 19, 2008, Plaintiff filed a "Motion for the Allowance of Equitable Tolling and to Expendite [sic] the Administrative Grievance Process" ("Plaintiff's Motion"). (Rec. Doc. 36). As noted above, on June 20, 2008, Magistrate Judge Mannion issued a Report recommending that Defendants' Motions be granted and that Plaintiff's Motion be denied. (Rec. Doc. 41).

On June 30, 2008, and July 2, 2008, Plaintiff submitted Objections to the Report (see docs. 42, 43) that appear to be identical in substance, though the latter submission is slightly more legible than the former.[1]

---

[1] Accordingly, herein we refer to the latter submission. However, insomuch as the two (2) filings appear to contain the same substantive assertions, we will dispose of both sets of Objections in our corresponding Order.

As the periods in which further briefing as to any of these matters have now passed, all pending submissions are ripe for our disposition.

## STANDARD OF REVIEW:

When objections are filed to a report of a magistrate judge, we make a <u>de novo</u> determination of those portions of the report or specified proposed findings or recommendations made by the magistrate judge to which there are objections. See <u>United States v. Raddatz</u>, 447 U.S. 667 (1980).  <u>See also</u> 28 U.S.C. §636(b)(1); Local Rule 72.3l.  Furthermore, district judges have wide discretion as to how they treat recommendations of a magistrate judge.  <u>See id.</u>  Indeed, in providing for a <u>de novo</u> review determination rather than a <u>de novo</u> hearing, Congress intended to permit whatever reliance a district judge, in the exercise of sound discretion, chooses to place on a magistrate judge's proposed findings and recommendations.  <u>See id.</u>  <u>See also</u> <u>Mathews v. Weber</u>, 423 U.S. 261, 275 (1976); <u>Goney v. Clark</u>, 749 F.2d 5, 7 (3d Cir. 1984).

## FACTUAL BACKGROUND:[2]

In his Report and Recommendation ("Report"), Magistrate Judge Mannion summarizes the relevant background of the instant action based on his reading of

---

[2] As is required by the standard of review applicable to motions to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, <u>see, e.g.,</u> <u>Phillips v. County of Allegheny</u>, 515 F.3d 224, 231 (3d Cir. 2008), for the purposes of our disposition herein only, we have accepted as true the averments contained within Plaintiff's Complaint.

the parties' submissions. (See Rec. Doc. 41 at 3-6). Although we agree with the

Magistrate Judge's summary, herein we briefly reiterate the salient portions

thereof. Unless otherwise noted, our recitation is derived from the Report.

Plaintiff, an inmate at the State Correctional Institution at Rockview ("SCI-

Rockview"), instituted this action as a result of alleged inadequacies in his mental

health treatment at SCI-Rockview. Plaintiff complains that at least initially

because a family member of the victim in Plaintiff's criminal case was being

transferred from another institution to SCI-Rockview, Plaintiff was moved into the

maximum security restricted housing unit ("RHU") at SCI-Rockview and his

mental health has deteriorated as a result thereof. More specifically, Plaintiff

alleges that he now exhibits suicidal and hostile, threatening behavior, and he

appears to attribute the same to a lack of appropriate mental health treatment, such

as anti-psychotic medication.

Plaintiff also indicates that in addition to inadequate mental health

treatment, some Defendants have retaliated against him and some have disclosed

confidential information regarding his care. Thus, Plaintiff attempts to link each

of the seven (7) named Defendants, all employees within the Department of

Corrections, to the shortcomings associated with his mental health treatment. (See

Rec. Doc. 41 at 4-6 (detailing each Defendant's alleged role)).

4

Both Plaintiff and Defendants have provided documentation regarding

Plaintiff's filing of three (3) grievances associated with the aforementioned events.

(See Rec. Docs. 1 at Exs. B, C, G, I, Q; 31 at Exs. B, C).  Significantly, review of

Plaintiff's documentation confirms the assertion on the first page of Plaintiff's

Complaint: at the time Plaintiff filed this action, the administrative remedy process

associated with his § 1983 claims[3] was not complete.[4]  (See Rec. Doc. 1 at ¶ II(C)).

## DISCUSSION:

As previously noted, in the Report, Magistrate Judge Mannion recommends:

1) Defendants' Motions to Dismiss be granted, 2) Plaintiff's Motion be denied,

and 3) all of Plaintiff's claims be dismissed without prejudice.  (See Rec. Doc. 41).

As to Defendants' Motions to Dismiss, the Magistrate Judge indicates that they

should be granted because as Plaintiff's Complaint, the Exhibits attached thereto,

and Plaintiff's most recent Motion indicate, Plaintiff had not exhausted his

administrative remedies with respect to his § 1983 claims prior to the filing of the

instant action.[5]  With respect to Plaintiff's Motion, the Magistrate Judge reasons

---

3 Defendants have conceded that Plaintiff exhausted the administrative process as to his state law claim for breach of the duty of confidentiality.

4 Incidentally, Plaintiff's most recent Motion, which indicates a desire to exhaust administrative remedies and to re-file his Complaint under a new civil action number, confirms Plaintiff's continued acknowledgment that the administrative remedies process is not complete.  (See Rec. Doc. 36 at 2 (noting that "I wish to exhaust and then re-file my case . . . .")).

5 We fully endorse Magistrate Judge Mannion's recommendation that Dr. Burke's Motion be granted on the same ground as Commonwealth Defendants' Motion, not on any of the bases asserted in Dr. Burke's Motion. Accordingly, Dr. Burke's Motion will be granted based on Plaintiff's failure to exhaust administrative remedies

that it should be denied because exhaustion of remedies subsequent to the filing

suit is not sufficient. Accordingly, Magistrate Judge Mannion suggests that

Plaintiff's § 1983 claims be dismissed without prejudice to re-filing if Plaintiff can

properly exhaust his administrative remedies and that Plaintiff's state law claim be

dismissed without prejudice to the filing thereof in state court.[6]

Plaintiff offer three (3) substantive Objections to the Report. First, Plaintiff

asserts that pages 9 and 10 of the Report inappropriately cite defense briefs for the

proposition that "Plaintiff does not have the right under the 8th Amendment to be

appropriately treated outside of the R.H.U." (Rec. Doc. 43 at 1). Second, Plaintiff

contends that the Report fails to recognize that a stay of these proceedings is

appropriate in light of <u>Jones v. Bock</u>, 549 U.S. 199, 127 S. Ct. 910 (2007). Third,

Plaintiff notes that the Report fails to mention that one (1) of the grievance

officers is Defendant Walmer, one of the alleged Defendants who retaliated

against Plaintiff.

None of the Objections rendered by Plaintiff cause us to question the

following pertinent principles outlined in the Report, which we review briefly

_____

relevant thereto.

6 Magistrate Judge Mannion determined that dismissal of said claim without prejudice was appropriate given the
factors discussed in <u>Annulli v. Panikkar</u>, 200 F.3d 189, 202 (3d Cir. 1999), such as judicial economy, convenience,
fairness, and comity. Because we agree with the learned Magistrate Judge's considered analysis in the Report (<u>see</u>
doc. 41 at 11-12) and because Plaintiff has not offered any Objection relevant thereto, we adopt his recommendation
to dismiss this claim without prejudice.

here: First, the Prison Litigation Reform Act of 1995 ("PLRA"), Pub. L. No. 104-

134, 110 Stat. 1321 (1996), explicitly provides:

> No action shall be brought with respect to prison conditions under section
> 1983 of this title, or any other Federal law, by a prisoner confined in any
> jail, prison, or other correctional facility until such administrate remedies as
> are available are exhausted.

42 U.S.C. § 1997e(a) (emphasis added).  In other words, a prisoner must present

his claims through an administrative grievance process before seeking redress in

federal court.  Second, as the Supreme Court recently held, an inmate must

"properly" exhaust administrative remedies before filing suit.  Woodford v. Ngo,

548 U.S. 81 (2006).  "Proper exhaustion demands compliance with an agency's

deadlines and other critical procedural rules because no adjudicative system can

function effectively without imposing some orderly structure on the course of its

proceedings."  Id. at 90-91.  Third, as the Court of Appeals for the Third Circuit

recently noted, "there appears to unanimous circuit court consensus that a prisoner

may not fulfill the PLRA's exhaustion requirement by exhausting administrative

remedies after the filing of the complaint in federal court."  Oriakhi v. United

States, 165 Fed. Appx. 991, 993 (3d Cir. 2006).  See also, e.g., Banks v. Green,

2007 WL 4370306 (M.D. Pa. Dec. 11, 2007) (Conner, J.).

Based on the foregoing, we find proper the Magistrate Judge's

determination that Plaintiff's § 1983 claims should be dismissed based upon

Plaintiff's failure to exhaust the administrative remedies afforded to him via

Pennsylvania DOC Policy Statement DC-ADM 804.  Indeed, as indicated above,

the first page of Plaintiff's Complaint, the documents appended thereto, and

Plaintiff's most recent Motion all reveal that at the time this action was instituted,

Plaintiff had not exhausted the administrative grievance process for his § 1983

claims.  Accordingly, the Magistrate Judge has appropriately recommended the

granting of Defendants' Motions and denial of Plaintiff's Motion.

     Further, Plaintiff's Objections do not cause us to question any of the

Report's recommendations.  Taking them in turn, we note that the first Objection

is inapt  because we do not read those pages of the Report that Plaintiff cites to

stand for the proposition that Plaintiff has no right under the 8th Amendment to be

treated outside of the RHU.  In fact, we do not read any portion of the Report to

stand for the aforementioned proposition as the Report disposes of this action

based on a failure to exhaust remedies, rather than the merits of Plaintiff's claims.

As to Plaintiff's second Objection, we note that Jones, 549 U.S. 199, answers

questions different from those presented here and that, in fact, in Jones, the

Supreme Court reiterated that "all agree that no unexhausted claim may be

considered." Id. at 923.  Thus, Jones does not deviate from the previously

8

discussed, well-settled principle that the PLRA requires exhaustion of remedies prior to the filing a civil action, and, thus, no stay of proceedings until such exhaustion occurs is appropriate. Accordingly, Plaintiff's Objection is ill-founded, and Plaintiff's Motion apparently seeking such a stay will be denied. Finally, Plaintiff's third Objection will be overruled because whether alleged retaliator Defendant Walmer was also a grievance officer is irrelevant given that the PLRA "completely precludes a futility exception to its mandatory exhaustion requirement." Nyhuis v. Reno, 204 F.3d 65, 71 (3d Cir. 2000).

## CONCLUSION:

For all of the aforestated reasons, we will overrule Plaintiff's Objections to the Report, adopt the learned Magistrate Judge's Report in its entirety, grant the Motions to Dismiss, and deny Plaintiff's Motion.

An appropriate Order closing this action shall issue on today's date.